UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |
|---|---|
| **Lakesha Smith** )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>**St. Joseph's/Candler Health System, Inc.** )<br>)<br>*Defendant*. )<br>) | Case No. 4:17-cv-00116-WTM-GRS |

# Reply Brief

Now comes St. Joseph's/Candler Health System, Inc. ("St. Joseph's") and submits this reply in further support of its motion to dismiss or, alternatively, for summary judgment (Dkt. 12; *see also* Dkt. 12-01 (the "Memo" in Support)).

The bulk of Smith's opposition brief (Dkt. 15 (the "Opposition")) describes her concerns about harassment from unnamed individuals while she pursued her worker's compensation claim against St. Joseph's. None of these allegations are in her amended complaint, and none are relevant to her FLSA claims. To the extent she alleges any wrongdoing by St. Joseph's, St. Joseph's denies it. St. Joseph's will not otherwise respond to these fanciful allegations.

Instead, this reply brief focuses on the final pages of Smith's opposition, where she addresses the three arguments that St. Joseph's raised in its motion.

- *First*, the complaint should be dismissed because there are no allegations of willfulness and the two-year statute of limitations has run. (Memo at 10–13.)

- *Second*, the complaint should be dismissed because Smith's own amended complaint proves that she received her full twelve weeks of leave under the FMLA. (*Id.* at 13–15.)

- *Third*, the exhibits attached to the Brown Declaration further prove that Smith received her full twelve weeks of leave under the FMLA. (*Id.* at 15–18.)

Smith's responses are unavailing. Although Smith argues that she alleged willfulness, this assertion is not supported by her amended complaint or by the law. (*See* Reply Point 1, below.) Next, Smith argues that the exhibits attached to her complaint and to the Brown Declaration show that her leave did not begin in March 2014, but she misreads those documents. (*See* Reply Point 2, below.) Finally, Smith questions the reliability of the exhibits, but the supposed "contradictions" she points to are consistent with her own allegations. (*See* Reply Point 3, below.)

**Reply Point 1:**
**Although Smith argues that she alleged willfulness, this is not supported by her amended complaint or by the law.**

Smith responds to St. Joseph's argument on willfulness by stating, "I was 'willfully' terminated because I decided to practice my legal right to take a family medical leave." (Opp'n at 6.) She also says that her last performance evaluation was excellent. (Id.)

A plaintiff's obligation under Rule 8 to provide the "grounds" of her "entitle[ment] to relief" requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). An employer acts willfully when it knows or shows reckless disregard for the matter of whether its conduct is prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Smith's amended complaint

and opposition brief do not give the Court any basis to conclude that St. Joseph's acted willfully. The exhibits attached to her amended complaint demonstrate that St. Joseph's ended her employment when she exhausted all of her FMLA leave and then was not able to return to work. (*See* Am. Compl., Exh. B (indicating that Smith had eight weeks of leave remaining as of May 2).) Even if St. Joseph's were mistaken in its calculation of her FMLA leave—and it is not—that still would not demonstrate willfulness because it would not prove that St. Joseph's knowingly or recklessly violated the FMLA. *See United States v. Adair*, 951 F.2d 316, 319 n.6 (11th Cir. 1992) ("A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge."); *McLaughlin*, 486 U.S. at 133.

Also, Smith's last performance evaluation is not relevant. She cites no case suggesting that a previous evaluation, no matter how good, permits an employee to be absent from work. To the contrary, absence from work after FMLA leave is grounds for termination. *See Diaz v. Transatlantic Bank*, 367 Fed. Appx. 93, 97 (11th Cir. 2010) (absence from work after FMLA leave is legitimate ground for termination).

### Reply Point 2:
### Smith misreads the exhibits, which prove that her FMLA leave began in March 2014.

Smith next argues that the exhibits confirm that her FMLA leave did not begin in March 2014. Specifically, Smith says, "The defendant exhibit 1 is a letter from Stacey Brown dated April 03, 2014 in which it clearly states none of my FMLA hours have been

used as of this date. This corresponds with my exhibit A that was filed with [her amended complaint]." (Opp'n at 7.)[1]

Smith misreads these documents. Take the first one: Exhibit 1 to the Brown Declaration. Yes, the date of the letter is April 3, 2014, and yes, the letter states that Smith had not used any FMLA leave. (Brown Decl., Exh. 1.) But the letter states that "Human Resources has been notified of your need for leave of absence due to a work related injury/illness *effective 3/28/2014*." (*Id.* (emphasis added)) The letter also states that Smith's FMLA leave "will expire" on June 20, 2014, which is twelve weeks from March 28. The letter authorizes Smith to take twelve weeks of FMLA leave effective March 28. The date of the letter, April 3, is the date the letter was sent, not the effective date of the leave.[2]

That these documents were sent after her leave began is not surprising. Because FMLA covers illnesses and family emergencies, it is not unusual for FMLA paperwork to be sent several days after leave is needed. Department of Labor regulations require only that notice be given to the employee "within five business days." 29 C.F.R. § 825.300(b)(1). St. Joseph's mailed notice within five business days of March 28. (*See*

---

[1] Smith does not make any distinction between the documents attached to her complaint (which the Court can consider on a motion to dismiss) and the documents submitted with the Brown Declaration (which the Court can consider only if it converts the motion to one for summary judgment). Because her arguments apply to all the exhibits, St. Joseph's addresses them all.

[2] Similarly, Exhibit A to Smith's amended complaint was sent at the end of April but again refers to leave that began on March 28, 2014. (Am. Compl., Exh. A.) Before March 28, Smith had not yet used any FMLA leave, so the document does not list any time used. (*Id.*) But this again does not mean that she had twelve weeks of FMLA leave remaining on date the document was *sent*.

Brown Decl., Exh. 1 (dated April 3, four business days after March 28).) Moreover, even if an employer fails to provide timely notice, the employer can still "retroactively designate leave as FMLA leave" with appropriate notice to the employee as long as the designation does not cause harm or injury to the employee. *Id.* § 825.301(d). Smith does not allege any harm or injury caused by the date of the notice. Finally, the employee and employer can always agree to designate leave as FMLA leave retroactively. *Id.* Smith agreed that her FMLA leave began on March 28 when she signed and returned the form stating that her leave began that day. (Am. Compl., Exh. A (signed by Smith).)

The Court does not have to accept Smith's misreading of Exhibit 1 as a statement effective "as of" the date of the letter (April 3) rather than the date discussed in the letter (March 28). *See McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974) ("[I]n construing a complaint most favorably for the plaintiff, a court need not give a plaintiff the benefit of every conceivable doubt; rather, a court is required only to draw every reasonable or warranted factual inference in the plaintiff's favor."); *see also Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205-1206 (11th Cir. 2007) (court's duty to accept the facts in complaint does not require court to ignore exhibits in favor of general or conclusory allegations); *DeJohn v. .TV Corp. Int'l*, 245 F. Supp. 2d 913, 923 (N.D. Ill. 2003) (court not required to ignore facts in complaint that undermine plaintiff's claim).

Even if Smith's leave did not begin until April 3, she *still* would have received all of her FMLA leave before her employment ended. As explained in St. Joseph's opening motion, Smith was absent from work for *more* than twelve weeks and still was not able to return to work after exhausting her leave. (Memo at 6–8.)

**Reply Point 3:**
**Smith has no basis to question the exhibits, and the "contradictory" items she points to are consistent with her own allegations.**

Smith suggests that the exhibits are "contradictory" and may have been falsified. (Opp'n at 7.) "Falsification of documents also seem likely because the 'on the job injury' from exhibit A was changed to a 'personal injury' on exhibit B." (*Id.*) "In addition, the hours of FMLA were not present on the document for exhibit A but, were later added to the document for exhibit B." (*Id.*)

Exhibits A and B are Smith's own documents. She attached Exhibits A and B to her amended complaint and stated that they were the records she received while she was on leave. (Am. Compl. at 1 ("I filled out the FMLA paperwork that was mailed to me from human resources at St. Joseph's hospital. (See Exhibit A and B)").) These are the documents she is now claiming may have been falsified.

The falsification assertion is baseless. The changes that she points to as evidence of falsification are consistent with her own allegations. Specifically, she points out that the *reason* for her FMLA leave and the *amount* of leave remaining are not consistent between Exhibits A and B. But at the time her FMLA leave began, she had been deemed "unfit for duty" by the worker's compensation doctor. (Am. Compl. at 1.) As a result, Exhibit A, which covers her first leave period, states that the reason for the current leave is an on-the-job injury. (*Id.*, Exh. A.) By May 2, the worker's compensation doctor had cleared Smith to return to work, but she did not feel well enough to return. (*Id.* at 1.) As a result, Exhibit B, which covers her post-May 2 leave period, states that she had used four weeks of leave—leaving 240 hours remaining—and states the new

reason for her leave as "personal injury." (*Id.*, Exh. B.) Thus, the changes between Exhibits A and B are consistent with the changes in the underlying facts. These changes are not nefarious signs of falsification. They are consistent with her own description of the events.

## Conclusion

For the reasons given in this brief and in the opening memorandum, St. Joseph's respectfully requests that the Court grant the motion.

November 21, 2017                               Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**
*Attorneys for St. Joseph's/Candler Health System, Inc.*

*s/ R. Jason D'Cruz*
**R. Jason D'Cruz**
Georgia Bar No. 004740
**Anthony C. DeCinque**
Georgia Bar No. 130906

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
Tel: (404) 504-7799
Fax: (404) 365-9532
rjd@mmmlaw.com
adecinque@mmmlaw.com

## Certificate of Service

I hereby certify that I have this 21st day of November, 2017, served a copy of the previous **Reply in Support of Motion to Dismiss or, Alternatively, for Summary Judgment** upon all parties to this matter. I served these documents by filing a copy via CM/ECF and by mailing a copy, proper postage prepaid, to the address below:

Lakesha Smith
2609 Evergreen Ave
Savannah, GA 31404

*Plaintiff*

**MORRIS, MANNING & MARTIN, LLP**
*Attorneys for St. Joseph's/Candler Health System, Inc.*

*s/ R. Jason D'Cruz*
**R. Jason D'Cruz**
Georgia Bar No. 004740