# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LAKESHA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-116 |
| | ) | |
| ST. JOSEPH'S CANDLER HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant St. Joseph's/Candler Health System, Inc.'s (St. Joseph's) dispositive motion, plead alternatively as a motion to dismiss for failure to state a claim or for summary judgment. Doc. 12. Plaintiff Lakesha Smith opposes. Doc. 15. St. Joseph's has also requested to stay discovery in this case pending resolution of its dispositive motion. Doc. 23.

The relevant facts of this case are straightforward. Smith fell while working for St. Joseph's in March 2014. Doc. 5 at 1.[1] Her treating physicians approved her to return to work in April 2014. *Id*. She

---

[1] Plaintiff's Complaint was filed on June 30, 2017. *See* doc. 1 (Complaint). It was submitted on a "Complaint for Employment Discrimination" form. *Id*. Its factual allegations are, to say the least, terse. *See id*. at 7. The Court screened her Complaint and directed her to amend it. Doc. 4 at 5. She complied. Doc. 5. The Court thus considers the facts alleged in her amendment.

continued to experience symptoms, however, and elected to take additional leave provided under the Family and Medical Leave Act ("FMLA"). *Id.* at 1-2. On July 3, 2014, her supervisor called her and, after discussing her medical situation, informed her of her termination. *Id.* at 2. She received confirmation of her termination by letter on July 11, 2017. *Id.* She contends that this termination occurred "during FMLA leave" and constitutes retaliation. *See* doc. 1 at 3-4; *see also* doc. 15 at 8 (disputing, albeit implicitly, St. Joseph's assertion that Smith "was not terminated during FMLA.").

St. Joseph's argues, among other defects, that Smith's claim is time barred. *See* doc. 12-1 at 10-13. This Court's previous Order, authorizing service of the Complaint, noted the possible timeliness issue. *See* doc. 6 at 6, n.1. The Court explained the applicable legal principles as follows:

> FMLA actions generally have a two-year statute of limitations, unless a plaintiff establishes that a defendant's violation was willful (in which case, the action must be brought within three years). 29 U.S.C. § 2617(c). . . . The term "willful" is not defined in the FMLA, but in other contexts is found where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (discussing "willfulness" in the Fair Labor Standards Act (FLSA) context); *Liu v. Univ. of Miami*, 138 F. Supp. 3d 1360, 1374 (S.D. Fla. 2015) (because the FMLA and the FLSA use the term willful in nearly identical contexts, *McLaughlin*'s definition of willful for FLSA purposes is usually adopted in FMLA

2

cases). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . [its actions] should not be . . . considered [willful]." *McLaughlin*, 486 U.S. at 135 n. 13.

*Id.*

The Court construed plaintiff's Complaint to allege that she was terminated *during* the period of leave provided by the FMLA. *Id.* ("Plaintiff has alleged that *despite still being on FMLA leave*, she was terminated . . ., which is enough (at this stage of pleadings) to warrant a response from the defense." (emphasis added)); *see also id.* at 3 (noting that leave from "May 2014 through July 2014 . . . [was] not quite the [FMLA] guaranteed 12 weeks."). St. Joseph's now responds that, on the contrary, when Smith was terminated she had exhausted her FMLA leave. Doc. 12-1 at 11-12.

On the one hand, plaintiff clearly alleges she was terminated "during FMLA leave." Doc. 1 at 3. Her amendment, however, incorporates a St. Joseph's "Leave of Absence Request Form" dated, ambiguously, May 19 (the date Smith signed the form) or 20 (the date her supervisor signed the form), 2014. Doc. 5-2 at 1. That form indicates that, as of its date, Smith had "240 FMLA hours available." *Id.* Her Amended Complaint also attaches a similar form listing the "effective

dates" of her leave as beginning March 28, 2014. Doc. 5-1 at 1. The notation on the second form, St. Joseph's explains, indicated that she did not have twelve weeks of leave at twenty hours per week but rather eight weeks of leave at thirty hours per week. *See* doc. 12-1 at 6. Significantly, the correlation between the "weeks" of leave available and the "hours," resting on the number of hours per week Smith was employed to work, is not apparent on the face of either her pleadings or any documents attached to them. *See, generally*, doc. 5.

As St. Joseph's points out, a "willful" FMLA violation is distinguished not by the willfulness of the adverse employment action, but by the willfulness of the violation itself. *See* doc. 12-1 at 10 (citing *Liu v. Univ. of Miami, Sch. of Med.*, 138 F. Supp. 3d 1360, 1374 (S.D. Fla. 2015)). That is, an employer must take an action *despite* recognizing that it violates the FMLA or with reckless disregard for whether it does. If an employer is merely negligent (by miscalculating an employee's remaining statutorily-required leave, for example) the shorter limitations period applies.

Smith's *allegations* are sufficient, as the Court previously noted. St. Joseph's points out that, despite the Court's emphasis on the

4

timeliness question in its initial screening Order, "the word 'willful' does not appear" in the Amended Complaint. *Id.* at 11. That's true. *See* doc. 5. However, the Court construed her allegations to imply that she was terminated *before* she had exhausted her FMLA leave. Doc. 6 at 3-4. Termination of an employee for absence, while they are on approved FMLA leave, is sufficient to imply a willful violation. *See, e.g., Villalobos v. Vilsack*, 2012 WL 4674056, at * 11 (N.D. Cal. Oct. 1, 2012) ("Crediting Plaintiff's allegations that he took leave on or about June 10, 2010, and that the Agency terminated him shortly thereafter and while still on leave, a rational jury could determine that the Agency 'showed reckless disregard' for whether its conduct was prohibited by the FMLA. (citations omitted)). St. Joseph's motion to dismiss, therefore, should be **DENIED**.

Even though it appears Smith adequately plead her claim, St. Joseph's is entitled to summary judgment because she has not adequately supported her (implicit) willfulness allegation.[2]  Courts have

---

[2] Although St. Joseph's raises the issue of the claim's timeliness, it has not asserted that it is entitled summary judgment on that basis. *See generally* docs. 12-1 & 17 (asserting time bar as ground for motion to dismiss and, if that motion is not granted, summary judgment on FMLA interference claim because required leave was provided, and on FMLA retaliation claim because absence after leave expired constitutes a legitimate non-retaliatory reason for termination). Nevertheless, the

recognized that plaintiffs are "required to *demonstrate* willfulness to avoid summary judgment where [they] are bringing FMLA claims based on conduct greater than two years after the alleged conduct occurred." *Copeland v. Metro Atlanta Rapid Transit Auth.*, 2010 WL 11500065, at *7 (N.D. Ga. Oct. 8, 2010) (emphasis added) (collecting cases); *see also Honeycutt v. Baltimore Cnty., Md.*, 278 F. App'x 292, 292-93 (4th Cir. 2008) (affirming summary judgment "[b]ecause [the plaintiff] filed her complaint more than two years after her termination, [thus] the action [was] barred unless the record demonstrated a willful violation by the Employer."). Regardless of the adequacy of her pleading, Smith has not presented sufficient evidence to support a dispute of material fact that her termination constituted a willful violation of the FMLA.

Summary judgment is properly granted when "the movant shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual

---

issue was raised, albeit in a different context, by both the Court and St. Joseph's; that's enough for the Court to consider the issue. *See Flood v. Young Woman's Christian Ass'n of Brunswick, Georgia, Inc.*, 298 F. 3d 1261, 1267 (11th Cir. 2005) (finding parties had sufficient notice to support *sua sponte* summary judgment where issue was raised in the parties' briefs); *see also, e.g., Haggins v. Schroyer*, 2013 WL 1145715, at * 3, n. 6 (S.D. Ga. Mar. 19, 2013) (explaining that summary judgment was appropriate, despite failure to provide *pro se* plaintiff with notice of summary judgment procedure, based on harmless error determination).

dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24 (1986). Substantively, a factual dispute is "material" if it concerns "facts that might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248. In response to a properly supported summary judgment motion, "the plaintiff must present *affirmative evidence*" sufficient for a jury to return a verdict in her favor. *Id*. at 257 (emphasis added).

In support of its alternative Motion for Summary Judgement, St. Joseph's has submitted the declaration of Stacey Brown, one of its Human Resources employees. Doc. 12-3 at 1, ¶ 1. Brown states, based on her review of St. Joseph's records, that Smith's FMLA leave was exhausted on June 27, 2014. *Id*. at 3, ¶ 12. Smith did not return to work, despite exhausting her leave. *Id*. at 3, ¶ 13. Because of her absence, St. Joseph's terminated her employment. *Id*. at 3, ¶ 14. There is no dispute that Smith's employment was terminated no earlier than July 3, 2014. *See* doc. 5 at 2 (alleging that her supervisor notified her by phone that she was terminated on July 3, 2014); doc. 12-2 at 3, ¶¶ 5-6 (acknowledging facts concerning July 3rd call not disputed and

acknowledging formal termination by letter, July 11, 2014). Even if St. Joseph's miscalculated when her leave expired, such a mistake would not raise the inference of willfulness Smith needs in order to avoid the statute of limitations.

Smith's response to those allegations is largely speculative. *See* doc. 15 at 7. She "question[s] the integrity of the process" by which the extent of her FMLA leave was calculated. *Id*. She also suggests that the "FMLA paperwork given is very contradictory," and those inconsistencies indicate the documents were "falsif[ied]." *Id*. That's not enough. In the first place, the documents she asserts are contradictory are (apparently) documents *she attached* to her Amended Complaint. *Compare* doc. 15 at 7 (identifying "contradiction" between notation on "Exhibit A" that injury at issue was "on the job" to notation on "Exhibit B" that injury was "personal"), *with* doc. 5-1 ("Exhibit A" to Smith's Amended Complaint requesting leave for "[w]ork related injury"), *and* doc. 5-2 ("Exhibit B" to Smith's Amended Complaint requesting leave for "[e]mployee illness/injury preventing functions of normal duties"), *and* doc. 12 (defendant's motion identifying exhibits by number, not letter). Even assuming that Smith intended to question the authenticity of

8

documents *other than those she submitted herself*, her raising "questions" is insufficient to rebut the facts presented in Brown's sworn declaration. *See, e.g. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (when summary-judgment movant has pierced the pleadings, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Smith has presented nothing affirmatively showing (or indeed even suggesting) a willful violation of the FMLA.

Substantively, Smith's only response is to suggest that St. Joseph's miscalculated the dates of her leave. She notes that her "leave was approved on May 2, 2014." Doc. 15 at 8. She objects to St. Joseph's "count[ing] back the dates prior," *id.*, presumably the dates she concedes she was absent from work in March and April, 2014. She also objects that "[t]he week of April 14, 2014 cannot be counted [against her FMLA leave] because [she] was paid for working that week . . . ." *Id.* Even assuming that the doubt's Smith raises positively showed that St. Joseph's miscalculated the leave she was entitled to, that *miscalculation* would not amount to a *willful* violation.

Since there is no evidence (and St. Joseph's evidence positively refutes the implication) that St. Joseph's wilfully violated the FMLA -- warranting application of the extended statute of limitations -- Smith's claims arising from her 2014 termination are time barred. Accordingly, St. Joseph's summary judgment motion should be **GRANTED** and her claims **DISMISSED**.³  Doc. 12.  Its motion for a stay is, therefore, **DENIED as moot**.  Doc. 23.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

---

³ If Smith contends that there is evidence that St. Joseph's willfully violated the FMLA, evidence which she omitted from her original opposition to its motion, Fed. R. Civ. P. 72's 14-day objection period provides a further opportunity to present it. *See, e.g., Haggins,* 2013 WL 1145715, at * 3 n. 6 (explaining plaintiff's Rule 72 objection could "show why summary judgment should not be entered against him.").

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 21st day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA