IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
LAKESHA SMITH,                    )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    CASE NO. CV417-116
                                  )
ST. JOSEPH'S CANDLER HEALTH       )
SYSTEM, INC.,                     )
                                  )
     Defendant.                   )
                                  )
```

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 25), to which objections have been filed (Doc. 26). Defendant has responded to Plaintiff's objections. (Doc. 27.) For the following reasons, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case.

The facts of this case are largely undisputed. Prior to the events that gave rise to this suit, Plaintiff was employed by Defendant St. Joseph's. (Doc. 5.) On March 20, 2014, Plaintiff was injured after falling at work. (Id.) As a result of her injuries, Plaintiff was unable to work for a period of months. (Id.) On July 3, 2014, Defendant terminated Plaintiff's employment citing Plaintiff's extended leave and inability to work. (Id.) The only real dispute in this case is whether Plaintiff's termination occurred during the time in which she

was entitled to leave under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2659("FMLA").

On June 30, 2017, Plaintiff filed suit alleging that she was improperly terminated in violation of the FMLA. (Doc. 1.) Because Plaintiff filed her complaint pro se, the Magistrate Judge reviewed Plaintiff's complaint and found her allegations to be insufficient. (Doc. 4.) The Magistrate Judge noted that Plaintiff failed to allege that her termination was in retaliation for her decision to use FMLA leave. (Id. at 4.) In addition, the Magistrate Judge raised questions as to the timeliness of Plaintiff's complaint. (Id. at 4-5.) Plaintiff was provided with an opportunity to amend her complaint to address the highlighted deficiencies. (Id. at 5.)

On July 28, 2017, Plaintiff filed an amended complaint that provided additional information as to her claim that Defendant violated the FMLA by terminating her employment. (Doc. 5.) On October 23, 2017, Defendant filed a Motion to Dismiss, or, Alternatively, Motion for Summary Judgment. (Doc. 12.) In that motion, Defendant argues that Plaintiff's claim should be dismissed because it was not properly filed within the two-year statute of limitations provided by the FMLA. (Doc. 12, Attach. 1 at 10-12.) In addition, Defendant maintains that, even if the Court were to consider the merits of Plaintiff's claim, the facts alleged in Plaintiff's own complaint show that she was not

terminated during her FMLA leave. (Id. at 13-15.) Alternatively, Defendant requests that the motion is converted to a motion for summary judgment. (Id. at 15-18.) If the Court converts the motion, Defendant argues that the evidence shows that Plaintiff was not improperly terminated during her FMLA leave. (Id.) According to Defendant, Plaintiff was instead terminated only after she had exhausted her FMLA leave. (Id.)

On March 21, 2018, the Magistrate Judge issued the Report and Recommendation currently before the Court. (Doc. 25.) In the Report and Recommendation, the Magistrate Judge converted Defendant's motion to a motion for summary judgment and concluded that Plaintiff's claim should be dismissed. (Doc. 25 at 6.) Ultimately, the Magistrate Judge did not consider whether Plaintiff was terminated during her FMLA leave. (Id.) Instead, the Magistrate Judge concluded that Plaintiff's claim was time barred by the two-year statute of limitations provided by the FMLA. (Id. at 10.) In addition, the Magistrate Judge found that Plaintiff was not entitled to the extended three-year statute of limitations provided in the FMLA, because Plaintiff provided no evidence that Defendant willfully violated the FMLA by terminating her employment. (Id.)

In response, Plaintiff filed objections to the Report and Recommendation. (Doc. 26.) In her objections, Plaintiffs alleges Defendant did willfully violate the FMLA and that her various

3

attachments to her objections show that Defendant miscalculated her FMLA leave. (Id.) In response, Defendant contends that Plaintiff's objections are merely a restatement of her initial claim and arguments previously considered by the Magistrate Judge. (Doc. 27.) Overall, Defendant contends that Plaintiff has still not shown that Defendant willfully violated the FMLA, and therefore, Plaintiff's claim is still barred by the statute of limitations. (Id.)

After careful review of the record, the Court agrees with the conclusions in the Report and Recommendation. Although Plaintiff provided objections, Plaintiff again failed to provide any support for her contention that Defendant willfully violated the FMLA by terminating her employment. In her objections, Plaintiff makes several vague allegations as to Defendant's supposed nefarious conduct. Plaintiff contends that Defendant did not notify her about filing an extension requesting additional FMLA leave and that she was denied an opportunity to apply for health benefits. (Id. at 2-3.) In addition, Plaintiff suggests that this Court can find that Defendant willfully violated the FMLA by Defendant's "[f]ailure to comply with 1016-A policy and procedure established by [Defendant, which] led to the miscalculation of my return date." (Id. at 2.) While the Court is sympathetic to Plaintiff's frustrations, none of these allegations offer any support for Plaintiff's contention that

Defendant willfully violated the FMLA when terminating her employment. Even assuming that Plaintiff is correct about her allegation that Defendant miscalculated her FMLA leave, this allegation is insufficient to show that Defendant acted willfully. Without any proof that Defendant acted willfully, Plaintiff is not entitled to the extended three-year statute of limitations under the FMLA. Instead, her claim is subject to the two-year statute of limitations. As a result, Plaintiff's complaint is untimely because Plaintiff filed it nearly three years after her termination.

For the foregoing reasons, the Report and Recommendation is **ADOPTED** as this Court's opinion in this case. Accordingly, Defendant's Motion for Summary Judgment (Doc. 12) is **GRANTED** and Plaintiff's complaint is hereby **DISMISSED** as untimely. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 23rd day of April 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA